Temple *v.* Able Tool Company, Inc.
(et al., Appellant).

Argued November 19, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*H. Reginald Belden, Jr.*, with him *Stewart, Belden, Sensenich and Herrington*, for appellant.

*William J. Ober*, with him *John M. Campfield*, and *Scales and Shaw*, for appellee.

OPINION BY WATKINS, P.J., June 28, 1976:

This appeal is from an order of the court below dismissing motions for judgment n.o.v. and a new trial filed by appellant, The Modulus Corporation.

This is a wrongful death and survival action brought by Alice Temple, Administratrix of the Estate of Oscar Temple, deceased (Appellee) [hereinafter referred to as "Temple"] in which Able Tool Company, Inc. [hereinafter referred to as "Able"] was an original defendant and the Modulus Corporation of Mt. Pleasant, Westmoreland County, Pennsylvania, Screw & Bolt Division (Appellant) [hereinafter referred to as "Modulus"] was an additional defendant. The action was initiated by a summons in trespass issued May 20, 1970 and re-issued October 19, 1970 against Able and National Machinery Company. Subsequently, on August 20, 1971, a complaint was filed naming National Machinery Company and Able as defendants. (Immediately prior to trial the action was discontinued as to National Machinery Company on motion of counsel for Temple, consented to by Counsel for Able and Modulus.) Incorporated in the said complaint were claims for wrongful death and a survival action both based upon strict liability in tort and, in the alternative, negligence.

On December 10, 1971 Able filed a complaint against Modulus as an additional defendant alleging sole liability to Temple or joint and several liability to Temple with Able or liability over from Modulus to Able, all on a theory of negligence.

On December 28, 1971 Temple filed preliminary objections. Modulus filed an answer to the complaint against it by Able and raised as new matter the defense of the Workmen's Compensation Act of the Commonwealth of Pennsylvania, praying that the allegations of sole liability be stricken and that the liability of Modulus be limited to its responsibility, if any, under the

provisions of the Workmen's Compensation laws of the Commonwealth of Pennsylvania.

On March 23, 1972 there was filed a stipulation executed by counsel for all parties.[1] The stipulation provided that Modulus could not be solely liable (though perhaps solely responsible) by virtue of its employer-employee relationship with Temple's decedent, that any verdict in favor of Temple and against Modulus would be unenforceable against Modulus, that the joinder of Modulus as an additional defendant was for contribution only and limited to the extent of its liability under the Workmen's Compensation Act of the Commonwealth of Pennsylvania, and that the filing of the stipulation would serve to withdraw the preliminary objection filed by Temple.

The matter was tried for five days in October, 1973. The jury rendered a verdict in favor of Temple "naming the Modulus Corporation as primarily responsible and the Able Tool Company as secondarily responsible." The trial judge struck out the words quoted immediately above and added, in his own hand, the words "as between Able Tool Company and Modulus Corporation verdict for Able Tool Company against Modulus Corporation."

Modulus filed a petition for rule to show cause why the judgment against it should not be marked satisfied. After the issuance and service of the rule, Temple filed a motion to strike the rule and the rule was dismissed without prejudice to the parties by Order of Judge

---

1. (1) Modulus Corporation, the above named additional defendant cannot be solely liable by virtue of its employment of the deceased, Oscar Temple, notwithstanding that Modulus Corporation could be solely responsible for the injuries and death complained of. (2) Any verdict rendered in favor of the plaintiff and against Modulus Corporation, additional defendant, shall be unenforceable against said Modulus Corporation. (3) The joinder of Modulus Corporation as an additional defendant was for contribution only and limited to the extent of its liability under the Workmen's Compensation Act. (4) The Preliminary Objections filed by the plaintiffs shall be withdrawn and by filing a copy of this Stipulation with the Prothonotary, the Prothonotary is asked to withdraw said Preliminary Objections.

Richard E. McCORMICK, the trial judge and author of the Opinion dismissing the post-trial motions filed by Modulus.

On May 20, 1969 Temple's decedent, Oscar Temple, was an employee of Modulus and was working in his capacity as a bolt maker at a bolt making machine known as Brass Tag No. 16. At that time the machine was being used for the making of bolts by a method known as trap extrusion. The Brass Tag No. 16 machine was manufactured by National Machinery Company and the machine had as an integral part thereof a hammer pin manufactured by Able pursuant to a design supplied to Able by Modulus. The hammer pin, manufactured by Able, fractured and a portion thereof struck Oscar Temple causing injuries resulting in his death on May 20, 1969.

The verdict as molded, upon which judgment was entered and from which no appeal has been taken by Temple, is tantamount to a finding of sole liability against Modulus. This is permitted under the present posture of Pennsylvania law.

Employer, Modulus, is entitled to judgment n.o.v. which the court should have granted; or to have the judgment marked satisfied under the rule to show cause which was filed. Either would have been proper. *Burke v. Duquesne Light Company*, 231 Pa. Superior Ct. 412, 332 A.2d 544 (1974).

This matter is not at the execution stage. There can be no question here of indemnity between Able and Modulus. Absent a contract between the parties an active wrongdoer has no implied obligation capable of penetrating the exclusiveness rule of compensation laws. *O'Neill, et al. v. United States of America, et al.*, 450 F.2d 1012 (3d Cir. 1971).

Judgment n.o.v. granted as to the Modulus Corporation.

---

DISSENTING OPINION BY JACOBS, J.:
I must respectfully dissent.

I would affirm the order of the court below dismissing motions for a new trial and for judgment n.o.v. filed by appellant, The Modulus Corporation, without prejudice to appellant's right to file a timely petition for a rule to show cause why the judgment against it should not be marked satisfied.

The first basis for my disagreement with the majority's disposition of this case lies with the majority's statement that the verdict, as molded, and upon which the judgment was entered, is tantamount to a finding of sole liability against appellant, The Modulus Corporation. This conclusion is not supported by the record, a careful review of which reveals that both the verdict and the judgment were entered against *both* defendants *jointly.*

The judgment was entered as follows: "For the plaintiff, Alice G. Temple, Administratrix against Able Tool Company, Inc. and Modulus Corporation of Mt. Pleasant, Westmoreland County, Pennsylvania, Screw & Bolt Division in the survival action in the amount of $40,000.00 and for the Plaintiff, Alice G. Temple, Administratrix and against the defendants, Able Tool Company, Inc. and the Modulus Corporation of Mt. Pleasant, Westmoreland County, Pennsylvania, Screw & Bolt Division, for Wrongful death in the amount of $210,000.00." Additionally, the lower court, in its opinion, unequivocally states that the verdict was against both defendants. The lower court said that "[t]he facts presented to the Jury during the trial of the case tended to establish the joint negligence of both defendants. The Jury did in fact by its original verdict find that both defendants were negligent. This fact cannot be in dispute. In fact the Jury determined that Modulus was primarily responsible and Able was secondarily responsible. It must therefore be concluded that the Jury found that the joint negligence of both defendants caused the plaintiff's death." The lower court denied appellant's motion for judgment n.o.v. on the ground that the verdict and judgment before it were for joint liability and that issues relating to the respective liabilities of the joint

defendants upon execution on that judgment were collateral matters not to be considered in determining if judgment n.o.v. should be granted. In so holding the lower court noted in its opinion that "[t]he [trial] Judge, only after reading the Jury's original finding, changed the verdict slip to mold the verdict as between two defendants. While we can agree that perhaps the trial Judge erred in changing the verdict slip as he did it was harmless error because the liability of the defendants had already been established by the Jury. The trial Judge was merely trying to interpret the findings of the Jury as between the two defendants. The sole issue that had to be determined by the Jury was whether or not the plaintiff could recover, the amount of the recovery, and against whom. This the Jury decided without question.... The Jury has determined that the plaintiff is entitled to a recovery of $250,000.00, naming both defendants as negligent parties. The method of collecting this award cannot be a function of this court.... Therefore, we recommend to both parties to avail themselves of the remedies available."

With the preceding facts in mind it is apparent that the lower court correctly denied judgment n.o.v. Where an additional defendant-employer is found to be *jointly* liable with the original defendant, the law is clear that judgment n.o.v. *may not* be granted in favor of the additional defendant-employer. This is true because entry of judgment n.o.v. in favor of the employer in such a situation would destroy the original defendant's right to contribution against the employer. *Maio v. Fahs*, 339 Pa. 180, 14 A.2d 105 (1940). Were the rule otherwise its application would defeat the sole purpose for the employer's presence in the suit, which is to *protect* the original or third-party defendant's right to contribution from the employer. *Socha v. Metz*, 385 Pa. 632, 123 A.2d 837 (1956). *See also, Grasha v. Ingersoll-Rand Co.*, 439 Pa. 216, 266 A.2d 710 (1970); *J.W. Brown, Jr. Equip. Corp. v. Dickey*, 397 Pa. 454, 155 A.2d 836 (1959). If Modulus is awarded judgment n.o.v. in the present case,

Able Tool Company, the original defendant, will be foreclosed from asserting a claim for contribution. Whether Able Tool Company is ultimately entitled to contribution or the amount of that contribution has no bearing on the validity of the judgment entered here and Able's entitlement to contribution should not be adjudicated by engrafting that issue onto the issues raised by a motion for judgment n.o.v.

Moreover, even if I were in agreement with the majority's determination that judgment was entered here against Modulus solely, I would still remain unconvinced that the lower court should have granted judgment n.o.v. Where a judgment is entered against an additional defendant-employer *alone*, and the Workmen's Compensation Act applies, there is no right of contribution to be protected. Such a judgment, entered solely against the employer, as has been noted above, may not be permitted to stand. *See, Winters v. Herdt*, 400 Pa. 452, 162 A.2d 392 (1960); *Socha v. Metz*, supra; *Maio v. Fahs*, supra. The fact that such a judgment cannot stand does not, however, dictate that judgment n.o.v. should be granted in such a situation. To the contrary, our Supreme Court has ruled on this particular point, stating that the "proper procedure is for the employer-defendant to rule the plaintiff to show cause why the judgment should not be [marked] satisfied of record. See Maio, Exrx, v. Fahs et al., 339 Pa. 180, 14 A.2d 105." *McIntyre v. Strausser*, 365 Pa. 507, 509. 76 A.2d 220, 221 (1950).

The rationale behind this procedural preference has been variously stated. On the one hand it has been said that "[w]hen a judgment at law has no standing as an enforceable liability of the one against whom it is entered, the equity powers of the court are called into play to the end that execution on the judgment be denied and that it be marked satisfied...." *Winters v. Herdt*, supra at 456, 162 A.2d at 394, *quoting Socha v. Metz*, supra at 643, 123 A.2d at 842. On the other hand, it has also been observed that the employer's inability to set up its statutory liability as a bar to plaintiff's common law

claim, at trial, requires that the foregoing procedure be followed rather than the expedient of a point for binding instructions followed by a motion for judgment n.o.v. In *Socha v. Metz*, supra, the additional defendant-employer was the City of Philadelphia and the issue in dispute was, in part, whether the city had waived its right to have the judgment marked satisfied. In holding that the city had not waived its statutory freedom from common law liability to its employee for negligence our Supreme Court said: "The City waived nothing in respect of the exclusiveness of its liability for workmen's compensation. It asserted the relationship of employer and employee between it and the plaintiff's decedent as soon as the plaintiff sought to collect from the City on the judgment in the trespass action. Prior to the entry of judgment against the City, it could not have set up its statutory liability as a bar to the plaintiff's common-law claim. Nor, when the case went to the jury, could it mention its economic relationship with the defendant: see McIntyre v. Strausser, supra. And, *even after verdict, the City could not move for judgment n.o.v. on the ground of the employer-employee relationship. Both the Maio and McIntyre cases, supra, so held.*" *Socha v. Metz*, supra at 642, 123 A.2d at 842 (emphasis added).

Having concluded that Modulus was found solely liable, the majority relies on the decision of this Court in *Burke v. Duquesne Light Company*, 231 Pa. Superior Ct. 412, 332 A.2d 544 (1974) for the proposition that where a verdict is returned against an additional defendant-employer alone, the proper procedure for recognizing that such a judgment is unenforceable because of the Workmen's Compensation Act is *either* to grant judgment n.o.v. in favor of the employer or to make absolute a rule to show cause why the judgment should not be marked satisfied. Although *Burke v. Duquesne Light Company*, supra, and our Supreme Court's decision in *Grasha v. Ingersoll-Rand Company*, supra, imply tacit approval of the former of these procedural courses where the additional defendant-employer has been found solely

liable, I do not believe that prior case law was overruled and judgment n.o.v. made an appropriate alternate remedy by those cases.[1]

Notwithstanding the preceding discussion of the availability of procedural alternatives where an additional defendant-employer is found *solely* liable, the fact remains that in the case at bar the judgment and verdict held the additional defendant-employer Modulus and the original defendant Able Tool Company *jointly* liable. Judgment n.o.v. was therefore clearly not appropriate and the lower court correctly so held.

I would affirm the lower court's order denying appellant's motion for judgment n.o.v. and a new trial.

HOFFMAN and SPAETH, JJ., join in this dissenting opinion.

DISSENTING OPINION BY SPAETH, J:

I join Judge JACOBS'S dissenting opinion in this case. Although I joined the majority opinion in *Burke v. Duquesne Light Company*, 231 Pa. Superior Ct. 412, 332 A.2d 544 (1974), I now recognize that I was mistaken.

---

1. *Grasha v. Ingersoll-Rand Company*, 439 Pa. 216, 266 A.2d 710 (1970) appears at first blush to contradict the prior holdings on this point set forth herein. However, a close review of that case reveals that the procedural propriety of granting judgment n.o.v. where an additional defendant-employer is found solely liable was not before the Court in that case. *Grasha* neither directly nor impliedly overrules the rationale of the prior case law on this issue. Although *Burke v. Duquesne Light Company*, 231 Pa. Superior Ct. 412, 332 A.2d 544 (1974) appears to do so, *Burke's* tacit approval of a procedural choice between judgment n.o.v. and a rule to show cause to have the judgment index marked satisfied was dicta, and, because entirely based on *Grasha*, is not determinative of what constitutes a proper procedure. I submit that the weight of prior case law, which clearly precludes the granting of judgment n.o.v. whether the additional defendant-employer is found jointly *or* solely liable, is not altered by either of those decisions.