470 A.2d 574

Mary DiSERAFINO, Personal Representative of, for and on behalf of the Estate of Frank DiSerafino, Deceased, for the Maintenance of an Action Under the Pennsylvania Survival Statute and Mary DiSerafino, Personal Representative for and on Behalf of all Entitled to Recover Under the Pennsylvania Wrongful Death Statute, Appellant,

. v.

**BUCYRUS–ERIE CORPORATION, Hydynamic Division and H.T. Sweeney & Son.**

Superior Court of Pennsylvania.

Argued Oct. 27, 1982.

Filed Dec. 23, 1983.

Petition for Allowance of Appeal Denied April 9, 1984.

248

Joseph R. McFadden, Jr., Media, for appellant.

Joseph V. Pinto, Philadelphia, for Bucyrus-Erie, appellee.

Bryon L. Milner, Philadelphia, for H.T. Sweeney, appellee.

Before HESTER, WICKERSHAM and POPOVICH, JJ.

WICKERSHAM, Judge:

Plaintiff's decedent, Frank DiSerafino, died on January 16, 1975, in an on-the-job accident, when he was crushed beneath the boom and bucket of a front-end loader-backhoe manufactured by defendant Bucyrus-Erie Corporation. Decedent's widow, Mary DiSerafino, as personal representative of the estate, brought suit under the Pennsylvania Wrongful Death and Survival Act against Bucyrus-Erie

alleging that the equipment was defectively designed and manufactured.

Defendant Bucyrus-Erie joined decedent's employer. H.T. Sweeney & Son, as an additional defendant[1] alleging that the operator of the backhoe was negligent in the operation of the equipment and that this negligence was the cause of DiSerafino's death. H.T. Sweeney & Son filed an answer and new matter to the complaint by Bucyrus-Erie. In its new matter, H.T. Sweeney & Son stated that its liability, if any, was limited to the liability provided by the provisions of the Pennsylvania Workmen's Compensation Act.

After a five-day trial, the jury returned a verdict in favor of the plaintiff and against additional defendant, H.T. Sweeney & Son, only, in the amount of $465,000.00. $275,000 was awarded under the Wrongful Death Act and $190,000 was awarded under the Survival Act.

Plaintiff moved for a new trial on the ground, *inter alia*, that the trial court committed reversible error in its charge to the jury. The trial court denied and dismissed plaintiff's Motion for a New Trial on September 29, 1980.

H.T. Sweeney & Son filed a Motion for Judgment Notwithstanding the Verdict or, in the alternative, to Mold the Verdict on March 16, 1979. H.T. Sweeney & Son averred that the Pennsylvania Workmen's Compensation Act barred any recovery by the plaintiff against H.T. Sweeney & Son, the employer. On January 15, 1981, plaintiff filed an Answer to additional defendant's Motion to Mold the Verdict, denying that the Workmen's Compensation Act barred re-

---

1. The accident in this case occurred prior to the effective date of the amendment to the Workmen's Compensation Act that prohibited the joinder of an employer as an additional defendant in employee actions against third party tortfeasors. *See* Workmen's Compensation Act § 303(b). Act of December 5, 1974, P.L. 782, No. 263, as amended, 77 Pa.S.A. § 481(b) (Purdon's Supp.1983). The Pennsylvania Supreme Court has recently held that this section bars joinder of the employer as a defendant for any purpose, including apportioning the degrees of negligence of the employer and the third party tortfeasor. *Heckendorn v. Consolidated Rail Corp.*, 502 Pa. 101, 465 A.2d 609 (1983).

covery against H.T. Sweeney & Son. On July 13, 1981, the Honorable Robert A. Wright entered the following Order:

AND NOW, to wit, this 13th day of July, A.D.1981, Additional Defendant's Motion for Judgment N.O.V. is hereby denied and dismissed, Additional Defendant's Motion to Mold the Verdict is hereby granted and the verdict is hereby entered in favor of Additional Defendant and against Plaintiff.

Brief for Appellant at 2.

This consolidated appeal was taken from the order granting additional defendant's Motion to Mold the Verdict and from the order dismissing plaintiff's Motion for a New Trial.

In the first of these consolidated appeals, appellant states the issue as follows:

Whether the charge of the court below on the law of product liability, when considered as a whole, was so erroneous, confusing and prejudicial that a new trial is required.

Brief for Appellant in No. 1415 Philadelphia 1981 at 3. The instruction to which appellant objects dealt with the law of strict liability. The Court charged the jury:

Now, the law of strict liability which is the law in Pennsylvania is set out in Section 402A of the restatement of torts and it reads as follows:

One, one who sells any product in a defective condition *unreasonably dangerous* to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer or to his property if, A, the seller is engaged in the business of selling such a product and, B, it is expected to and does reach the user or consumer without substantial change in the condition in which it was sold.

R.R. at 178a–179a (emphasis supplied).

After giving the entire charge, the trial court invited counsels' objections to the charge. Counsel for appellant specifically objected to the use of the term "unreasonably

dangerous." Counsel argued to the court that *Azzarello v. Black Brothers Co., Inc.*, 480 Pa. 547, 391 A.2d 1020 (1978) held that the term "unreasonably dangerous" should not have been included in the jury instructions as to the question of defect in this type of case. As soon as this error was pointed out, the trial court agreed to recharge on that point. The court stated its supplementary instruction on that point as follows:

THE COURT: All right, members of the Jury, we will complete the charge and I read from the re-statement and I did not read it in accord with the Pennsylvania modifications. So that I'm going to read the Pennsylvania modification as to the Section 402A. So you will take this to be the law in Pennsylvania. You may or you may not recognize the difference. But, in any event, this is what you are to be guided by.

One, one who sells any product in a defective condition to the user or the consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer or to his property if, A, the seller is engaged in the business of selling such a product and, B, it is expected to and does reach the user without substantial change in the condition in which it is sold.

R.R. at 230a.

In this appeal, appellant argues that this supplementary instruction was not curative, but rather, simply served to confuse the jury. We note, however, that appellant's counsel did not take specific exception to the recharge on this point. After the additional instructions were given, the trial judge asked counsel if there were any further exceptions to the jury charge. (R.R. at 241a). Appellant excepted to portions of the recharge (R.R. at 236a–241a), but did not indicate any disagreement with the portion of the charge to which he now objects.

 Appellant's counsel should have taken a specific exception to the recharge if he was dissatisfied. *Dilliplaine v. Lehigh Valley Trust Company*, 457 Pa. 255, 322 A.2d 114 (1974) held that the doctrine of "basic and funda-

mental error" in a jury charge is no longer a basis for appellate review. Thus, a party cannot complain of error in jury instructions unless he makes a specific exception thereto, thereby giving the trial court the opportunity to correct the error. Appellant's counsel had earlier agreed to a recharge; he failed to indicate afterwards that he was dissatisfied with the recharge. By failing to specifically object to the recharge, counsel denied the trial court the opportunity to correct the alleged error. Because appellant failed to specifically object to the portion of the recharge in question, we find that he has waived appellate review of this allegation of error.[2]

In the second of these consolidated appeals, appellant sets forth the issue as follows:

Whether the Pennsylvania Workmen's Compensation Act as applied to the death of an employee on January 16, 1975 immunizes the employer from recovery by the de-

2. In his concurring opinion, Judge Popovich finds it necessary to distinguish the instant case from *Brancato v. Kroger Co.,* 312 Pa.Super. 448, 458 A.2d 1377 (1983). In *Brancato,* this court held that because the appellant had submitted a point for charge that was denied by the trial court, she was not required to make a specific exception to the charge in order to have the issue preserved for appellate review. Judge Popovich notes that because in the instant case appellant presented a point for charge that was not used by the trial court, this case, at first blush, would seem to be controlled by *Brancato.* Judge Popovich then goes on to distinguish the instant case from *Brancato* by explaining that in the recharge in the instant case, the trial judge *did* use appellant's submitted point for charge. Therefore, a failure to take specific exception to the recharge waived the issue.

This analysis is not relevant to the instant case. The issue in the instant case, is not whether or not the court used appellant's submitted point for charge, but that the appellant objected to the initial charge and failed to renew his objection after the recharge. It is true that under the *Brancato* holding, this allegation of error might have been preserved for review if appellant had taken no exception to the original instruction since he had submitted a point for charge that was denied by the court. Nevertheless, the fact is that appellant *did* take specific exception to the original instruction; he then failed to renew his objection after the recharge was given. By his conduct, appellant indicated to the court that he was satisfied with the recharge. He failed to give the lower court the opportunity to correct the alleged error. This failure to specifically object to the recharge waives appellate review of this allegation of error.

pendents of the decedent/employee under the Wrongful Death Statute.

Brief for Appellant in No. 1202 Philadelphia 1982 at 3.

The provision of the Workmen's Compensation Act applicable at the time of the death of appellant's decedent, 77 P.S. § 481, (footnote omitted) provided:

> Such agreement shall constitute an acceptance of all the provisions of article three of this act, and shall operate as a surrender by the parties thereto of their rights to any form or amount of compensation or damages for any injury or death occurring in the course of the employment, or to any method of determination thereof, other than as provided, in article three of this act. Such agreement shall bind the employer and his personal representatives, and the employe, his or her wife or husband, widow or widower, next of kin, and other dependents. 1915, June 2, P.L. 736, art. III, § 303; 1937, June 4, P.L. 1552, § 1; 1939, June 21, P.L. 520, § 1.

The above section of the act was amended on December 5, 1974, effective 60 days hence (a date after the death of appellant's decedent) and it provided:

> (a) The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in section 301(c)(1) and (2) or occupational disease as defined in section 108.

77 P.S. § 481(a) (footnotes omitted).

Appellant argues that although amended section 481 explicitly prohibits a dependent's common law cause of action against an employer, former section 481 does not clearly bar such a suit. Appellant concedes that recovery against H.T. Sweeney & Son under the Survival Act on behalf of the estate of decedent is barred by the Workmen's Compensation Act. Appellant argues, however, that the claim brought under the Wrongful Death Act is not barred be-

cause this claim is direct as against the employer by the dependents and is not derivative. We disagree.

▪ Former section 481 specifically states that the "agreement ... operate[s] as a surrender by the parties thereto of their rights to ... damages for any injury or death occurring in the course of the employment.... Such agreement shall bind ... widow ... and other dependents." 77 P.S. § 481. By failing to give written notice of any refusal to accept the protection of the Workmen's Compensation Act, the decedent accepted the provisions of the Act. *See* 77 P.S. § 461. By doing so, he agreed to look to the Act as an exclusive remedy, surrendering any rights to bring an action at law. Former section 481 indicates that his widow and dependents are also bound by the agreement. *Temple v. Able Tool Co. Inc.*, 240 Pa.Super. 609, 359 A.2d 412 (1976); *Polk v. Western Bedding Co.*, 145 Pa.Super. 142, 20 A.2d 845 (1941).

Appellant refers to a Massachusetts case in support of her argument. Judge Wright's discussion of that case in the lower court opinion correctly disposes of this argument.

˙ We first distinguish the case of *Ferriter v. Daniel O'Connell's Sons, Inc.*, [381 Mass. 507] [413 N.E.2d 690] (1980), decided by the Supreme Judicial Court of Massachusettes [sic], September 9, 1980 Opinion by Liacos J., proffered by Plaintiff's counsel in support of Plaintiff's position. The case is easily distinguishable because (1) the Massachusettes [sic] Workmen's Compensation Statute, General Laws, c. 152, Section 24, as amended through St.1955, c. 174, Section 5, states that "an employee shall be held to have waived *his* right of action at common law ...". There is absolutely no limiting language pertaining to family members as there is in the Pennsylvania Act, i.e. "... shall bind the employer ... and the employee, his or her wife or husband, widow or widower, next of kin, and other dependents." ; and (2) the plaintiff had received no compensation payments, as has Plaintiff here in the instant case. Additionally, see footnote 24 in *Ferriter*, cited *supra*, which cites *Smither &*

*Co. v. Coles,* 242 F.2d 220, 222 (D.C.Cir. [1957]), cert. denied, 354 U.S. 914 [77 S.Ct. 1299, 1 L.Ed.2d 1429] (1957) which refers to the District of Columbia Workmen's Compensation Act which barred wife's action under language in the Act similar to our Act.

Lwr.Ct.Op. in No. 1202 Philadelphia 1982 at 5–6.

Appellant's final argument is that "an interpretation of former § 481 which limits the right of a widow and children of a decedent/employee is voilative [sic] of the Pennsylvania Constitution." Brief for Appellant in No. 1202 Philadelphia 1982 at 23.

> Any discussion of the constitutionality of lawfully-enacted legislation must commence with the restatement of the principle of law which creates a "presumption" in favor of constitutionality. "An Act of Assembly will not be declared unconstitutional unless it *clearly, palpably* and *plainly* violates the Constitution." .... "[T]he burden rests heavily upon the party seeking to upset legislative action on constitutional grounds; all doubt is to be resolved in favor of sustaining the legislation."

*Singer v. Sheppard,* 464 Pa. 387, 393, 346 A.2d 897, 900 (1975) (citations omitted). In the present case, appellant has not overcome the presumption of constitutionality.

Appellant argues that our interpretation of former section 481 violates Article III, Section 18 of the Pennsylvania Constitution which provides:

> The General Assembly may enact laws requiring the payment by employers, or employers and employes jointly, of reasonable compensation for injuries to employes arising in the course of their employment, and for occupational diseases of employes, whether or not such injuries or diseases result in death, and regardless of fault of employer or employe, and fixing the basis of ascertainment of such compensation and the maximum and minimum limits thereof, and providing special or general remedies for the collection thereof; but in no other cases shall the General Assembly limit the amount to be recovered for injuries resulting in death, or for injuries to

persons or property, and in case of death from such injuries, the right of action shall survive, and the General Assembly shall prescribe for whose benefit such actions shall be prosecuted.

Appellant's position is that this provision grants the legislature "authority to enact laws requiring payment of compensation for *injuries to employees only.*" Brief for Appellant in No. 1202 Philadelphia 1982 at 24. Appellant's interpretation of this provision is too narrow.

 Our reading of this provision indicates that the General Assembly may make compensation under a Workmen's Compensation Act the exclusive remedy whenever an employee is injured within the scope of his employment. The Constitution does not require that such compensation be paid to employees only; rather, the provision indicates that the compensation is to be paid when an employee is injured "whether or not such injuries ... result in death." Obviously, if an employee's injuries result in his death, he will not be able to receive compensation. In cases where the employee is killed, someone other than the employee will receive the compensation benefits under the Act. Article 3, section 18 indicates that those who receive compensation under the Act may constitutionally be excluded from asserting any other remedies. Thus, former section 481 does not violate Article 3, Section 18 of the Pennsylvania Constitution.

 Appellant goes on to note that when a widow survives a deceased employee, the children of that employee have no right on their own to recover compensation. *See Anderson v. Borough of Greenville,* 442 Pa. 11, 273 A.2d 512 (1971). Therefore, appellant argues, our interpretation of former section 481 violates Article 1, Section 11 of the Pennsylvania Constitution which mandates access to the courts for all persons. We note, however, that when a widow survives, "the existence of the children serves to generate a larger compensation payment to the widow." *Id.,* 442 Pa. at 15, 273 A.2d at 514. Thus, the children are within the coverage of the Workmen's Compensation Act

and their losses are considered in the compensation paid to the widow. To require that the children, through their mother, look to the Workmen's Compensation Act as an exclusive remedy does not violate Article 1, Section 11 of the Pennsylvania Constitution.

The lower court's order to Mold the Verdict was proper. Judgment and Order affirmed.

POPOVICH, J., files a concurring opinion.

HESTER, J., concurs in the result.

POPOVICH, Judge, concurring:

I agree with the result reached by the Majority, but write separately to clarify what could be construed as an inconsistency with prior law in this Commonwealth concerning the waiver of the defective recharge on strict liability (Section 402A of the Restatement (Second) of Torts) under *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974) (holding that failure to make a timely, specific objection to an alleged trial error results in waiver of that issue for post-trial and appellate purposes). Such a result could occur from the manner in which the facts are recounted by the Majority as to what transpired prior to and after the instructions to the jury.

The Majority recites the following scenario: counsel for appellant submits a point for charge, the point is denied and counsel fails to object specifically to its exclusion after the jury is (re)charged. As the preceding facts stand, unembellished, this Court's decision in *Brancato v. Kroger Co.*, 312 Pa.Super. 448, 458 A.2d 1377 (1983), petition for *allocatur* denied July 8, 1983, would hold the issue preserved for review. *See also Saylor v. Rose*, 319 Pa.Super. 560, 466 A.2d 686 (1983) (Prior to jury instructions, appellee presented a point for charge that was not read by the trial judge. Although there is no mention as to whether appellee took exception to the denial, it was raised in post-trial motions and the trial judge granted appellee a new trial. We affirmed on appeal without discussing the question of

whether the issue was preserved in accordance with *Dilliplaine* ).

In *Brancato,* after quoting from *Broxie v. Household Finance Co.,* 472 Pa. 373, 372 A.2d 741 (1977), we held that because the appellant had submitted a point for charge that was denied by the trial court, she need not have made a specific, timely objection to the charge as given to have the propriety of the denial preserved. Either action, i.e., submission of a specific point for charge or a specific, timely objection to the charge, would suffice to preserve the matter for review.

At first blush, the situation instantly may appear to be controlled by *Brancato.* However, upon close scrutiny of the facts, the disparity becomes apparent. To start with, it is true that counsel for DiSerafino sought to have his point concerning product liability read to the jury, and was *initially* denied that request before his objection to the charge was acknowledged as valid by the trial judge and counsel for Bucyrus-Erie Corporation in light of *Azzarello v. Black Brothers, Co.,* 480 Pa. 547, 391 A.2d 1020 (1978) (Inclusion of "unreasonably dangerous" verbiage in charge to a jury on product liability is reversible error). Counsel for appellant reaffirmed the influence of *Azzarello* by noting to the court, "Your Honor, that's why I set out in full 402A without the words unreasonably dangerous." (RR. 217a) At this stage, appellee's acquiescence to recharging the jury was conditional. That is, he remarked, "Well, I'm agreeable if Frank [appellant's counsel] is that you just read number one as he's quoted it and tell them that this replaces anything you may have said earlier." *Id.* To accommodate all concerned, the trial judge responded, "All right. Do it that way." *Id.* Counsel for appellant then proceeded to discuss another objection he had to the charge on the issue of joint liability of the employer and manufacturer.

Thus, based on the record before this writer, there is reason to believe that the *recharge that was thereafter read to the jury was, in fact, that which had been previ-*

*ously submitted by appellant's counsel and denied.* Although the appellant's counsel did object after the recharge, it was in regard to certain court rulings concerning the admissibility of photographs depicting appellant's decedent husband on the job site. (RR. 236a–241a) It had nothing to do with the court's recharge as to strict liability under Section 402A.

Consequently, in light of the aforesaid, we have neither a *Brancato*-type situation, since from all of the evidence on hand it appears that the recharge was a verbatim ("quoted") recitation of appellant's counsel's submitted point, nor do we have a specific objection to the charge as finally given. Ergo, counsel for appellant has failed to present a viable argument as to the (re)charge to the jurors.