J-A35041-14

2015 PA Super 56

| ELIZABETH WYGANT, ADMINISTRATRIX OF THE ESTATE OF MARGARET H. KLAN, DECEASED, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| GENERAL ELECTRIC COMPANY; HUNTER SALES CORPORATION; READING CRANE & ENGINEERING CO., | |
| Appellees | No. 470 WDA 2014 |

Appeal from the Order March 20, 2014
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): G.D. 14-000269

| ELIZABETH WYGANT, ADMINISTRATRIX OF THE ESTATE OF MARGARET H. KLAN, DECEASED, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| GENERAL ELECTRIC COMPANY; HUNTER SALES CORPORATION; READING CRANE & ENGINEERING CO., | |
| Appellees | No. 471 WDA 2014 |

Appeal from the Order Dated March 19, 2014
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): G.D. 14-000269

| ELIZABETH WYGANT, ADMINISTRATRIX OF THE ESTATE OF MARGARET H. KLAN, DECEASED, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |

v.

GENERAL ELECTRIC COMPANY; HUNTER
SALES CORPORATION; READING CRANE
& ENGINEERING CO.,

              Appellees              No. 472 WDA 2014

Appeal from the Order Entered March 20, 2014
In the Court of Common Pleas of Allegheny  County
Civil Division at No(s): G.D. 14-000269

BEFORE:  BENDER, P.J.E., BOWES, and ALLEN, JJ.

OPINION BY BOWES, J.:                **FILED MARCH 19, 2015**

This appeal involves the timeliness of an asbestos-related wrongful death action in light of our High Court's decision in ***Commonwealth v. Neiman***, 84 A.3d 603 (Pa. 2013), which struck down Act 152 and its statute of limitations for asbestos actions, 42 Pa.C.S. § 5524.1, as violative of the Single Subject Rule of the Pennsylvania Constitution.  Elizabeth Wygant, administratrix ("Administratrix") of the Estate of Margaret H. Klan, deceased, ("Decedent") appeals from the orders entered March 19 and 20, 2014, granting judgment on the pleadings in favor of General Electric Company, Hunter Sales Corporation, and Reading Crane & Engineering Co. (collectively "GE"), based upon the court's finding that the action was time-barred under 42 Pa.C.S. § 5524(8).  After thorough review, we affirm.

Decedent was diagnosed with mesothelioma on June 17, 2011.  She died from the disease thirteen months later on July 9, 2012.  Decedent did

not commence an action for her asbestos-related injuries during her lifetime. On January 9, 2014, more than two years after the mesothelioma diagnosis but less than two years after Decedent's death, Administratrix filed the instant wrongful death and survival actions. GE filed a motion for judgment on the pleadings based upon the statute of limitations, which was granted following oral argument. Administratrix timely appealed. She does not contest that trial court's ruling that the survival action is time-barred, but challenges the trial court's application of 42 Pa.C.S. § 5524(8) to bar her wrongful death claim. Specifically, she questions:

1. Whether 42 Pa.C.S. § 5524(8) is the current law of Pennsylvania regarding the statute of limitations in asbestos cases.

2. Whether 42 Pa.C.S. § 5524(8) overruled the prior case law which held that the statute of limitations in an asbestos action for a wrongful death claim began to run from the date of death if that death occurred within two years of the date of diagnosis.

3. Whether 42 Pa.C.S. § 5524(8) is ambiguous, thus necessitating an investigation into the legislative intent to only change the statute of limitations for the survival claim.

4. Whether 42 Pa.C.S. § 5524(8) permits the running of the statute of limitations before a right to the cause of action accrues.

Appellant's brief at 5.

Judgment on the pleadings should be granted only where, on the facts averred, the law says with certainty that no recovery is possible. *Insurance. Federation of Pennsylvania, Inc. v. Commonwealth*, 970

A.2d 1108 (Pa. 2009). At issue herein is a legal question. Thus, our standard of review is *de novo* and our scope of review is plenary. ***Craley v. State Farm Fire and Casualty Company***, 895 A.2d 530, 539 n.14 (Pa. 2006).

Administratrix starts from the premise that there is currently no enactment setting forth the applicable statute of limitations for asbestos claims. She acknowledges that SB 216 of 2001 enacted such a statute at 42 Pa.C.S. § 5524(8). In 2004, the legislature enacted Act 152 (Senate Bill 92 of 2004), which deleted that provision and re-enacted a substantially similar provision at 42 Pa.C.S. § 5524.1. However, in ***Commonwealth v. Neiman***, 84 A.3d 603 (Pa. 2013), our Supreme Court struck down Act 152 as violative of the Single Subject Rule of the Pennsylvania Constitution, rendering void 42 Pa.C.S. § 5524.1. In support of her position, she points to a footnote in ***Daley v. A.W. Chesterton***, 37 A.3d 1175, 1183 n.10 (Pa. 2012), where our High Court stated that as a result of ***Neiman***, "it appears there is no specific statutory provision which addresses the statute of limitations for asbestos claims." She argues that the net effect of ***Neiman*** is that pre-§5524(8) law, as enunciated in ***Baumgart v. Keene Building Products Corp., Inc.***, 633 A.2d 1189, 1191 (Pa.Super. 1993) (*en banc*), (affirmed by an equally divided court at 666 A.2d 238 (Pa. 1995)), governs.

In ***Baumgart***, on identical facts, a wrongful death action was not time-barred. The decedent was diagnosed with mesothelioma in January

1985, and died March 31, 1985. The plaintiff commenced a wrongful death and survival action on March 26, 1987, more than two years after the date of diagnosis but within two years of death. This Court held that the survival action was barred by the two-year statute of limitations, but that the wrongful death action was timely as "the rule is that an action for the wrongful death of another person must be brought no later than two years after the date of death." **Baumgart**, **supra** at 1194. Administratrix maintains that after **Neiman**, **Baumgart**'s statement is the applicable law, and the wrongful death action was timely filed.

GE counters that, when **Neiman** struck down Act 152, which included § 5524.1, it simultaneously invalidated the provision deleting § 5524(8). It relies upon **Mazurek v. Farmers' Mutual Fire Insurance Co.**, 181 A. 570 (Pa. 1935), for the proposition that the voiding of the repealing statute revives the original, repealed statute. **See also** 1 Pa.C.S. § 1962 ("Whenever a statute is repealed and its provisions are at the same time reenacted in the same or substantially the same terms by the repealing statute, the earlier statute shall be construed as continued in active operation."). Furthermore, GE dismisses the footnote in **Daley** as *dicta* since that case did not involve the statute of limitations in an asbestos case. According to GE, since the deleting of the § 5524(8) statute of limitations was inoperative, it must be construed as continuing in active operation.

The trial court concluded, "because **Neiman** held that Act 152 was unconstitutional in its entirety, no consequence of its passage may be enforced and any purported mandate of its passage is void *ab initio*. As such, 42 Pa.C.S. §5524(8) never went out of existence, and as a matter of law, 42 Pa.C.S. §5524(8) has remained the law since its original creation." Trial Court Opinion, 5/21/14, at 5. We agree. Since Act 152 is void, and renders invalid 42 Pa.C.S. § 5524.1, Act 152's deletion of §5524(8) is also void. The deletion and re-enactment occurred in the same unconstitutional statute. Thus, 42 Pa.C.S. §5524(8) remains operative and supplies the applicable statute of limitations in an asbestos case.

Administratrix continues that, even if 42 Pa.C.S. §5524(8) governs, that statute was intended to apply to only asbestos-related claims for injury and survival actions. It provides:

> (8) An action to recover damages for injury to a person or for the death of a person caused by exposure to asbestos shall be commenced within **two years from the date on which the person is informed by a licensed physician that the person has been injured by such exposure or upon the date on which the person knew or in the exercise of reasonable diligence should have known that the person had an injury which was caused by such exposure**, whichever date occurs first.

42 Pa.C.S. § 5524(8) (emphasis added). She baldly asserts, without more, that the plain language of the statute does not support its application to a wrongful death claim, and that prior law supplies the statute of limitations for wrongful death actions.

- 6 -

We find nothing in the statutory language to support Administratrix's position. The prefatory language of another subsection of § 5524 begins: (2) " An action to recover damages for injuries to the person or for the death of an individual." 42 Pa.C.S. § 5524(2). That subsection has been construed as applying to both wrongful death and survival actions. **See Moyer v. Rubright**, 651 A.2d 1139 (Pa.Super. 1994) (42 Pa.C.S. § 5524(2) provides the statute of limitations applicable to both wrongful death and survival actions). Similar language was employed by the legislature in 42 Pa.C.S. § 5524(8): "An action to recover damages for injury to a person or for the death of a person." The primary difference in the two provisions is that § 5524(2) does not state when the statute commences to run. Generally, 42 Pa.C.S. § 5502(a) supplies the commencement date for limitations periods under § 5524(2), and provides that the two-year period is computed "from the time the cause of action accrued." The accrual date for a survival action is the date of the tort; a wrongful death action generally accrues when the cause of action can be maintained to a successful conclusion, *i.e.*, the date of death. **See Matharu v. Muir**, 29 A.3d 375, 383 (Pa.Super. 2011). However, 42 Pa.C.S. § 5502(b) provides that the §5502(a) accrual date "may be made more specifically applicable to particular classes of matters by general rules defining the acts, omissions or events from which the limitation shall be computed." Section 5524(8) is the type of rule contemplated in 42 Pa.C.S. § 5502(b) because the legislature

has specifically defined the event from which the statute of limitations for asbestos claims is to be computed. The statutory language, on its face, indicates that the legislature intended to measure the time for commencing all asbestos-related actions, including wrongful death actions, from the date of formal diagnosis or from the date when the affected person knew or should have known with the exercise of reasonable diligence of the asbestos-related injury.[1]

Administratrix complains that such an interpretation may result in wrongful death actions being time-barred before they can be instituted.[2]

_____

[1] We surmise that the legislature chose the date of a physician's diagnosis in an attempt to remove some of the uncertainty surrounding when an affected person had sufficient knowledge to start the running of the statute of limitations. *See **Trieschock v. Owens Corning Fiberglas Co.**,* 511 A.2d 863 (Pa.Super. 1986) (acknowledging that if physicians are not reasonably certain as to diagnosis in a creeping disease case, the plaintiff should not be required to have greater knowledge).

[2] The legislature's intent to treat wrongful death cases like survival actions for purposes of the statute of limitations is further evidenced by its definition of an asbestos claim in 15 Pa.C.S. § 1929.1, incorporated by reference in 5524.1 (now void) as including

> Any claim, wherever or whenever made, for damages, losses, indemnification, contribution or other relief arising out of, based on or in any way related to asbestos, including property damage caused by the installation, presence or removal of asbestos, the health effects of exposure to asbestos, including any claim for personal injury, death, mental or emotional injury, risk of disease or other injury or the costs of medical monitoring or surveillance. **The term shall also include any claim made by or on behalf of any person exposed to asbestos or any**

*(Footnote Continued Next Page)*

She labels this consequence absurd, and points to this anomaly as proof the legislature did not include wrongful death actions in § 5524(8). We do not agree. Even the statute providing for wrongful death actions eliminates such an action if a survival action was commenced during the decedent's lifetime. *See* 42 Pa.C.S. § 8301(a) ("General Rule. -- An action may be brought, under procedures prescribed by general rules, to recover damages for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another if no action for damages was brought by the injured individual during his lifetime.").

Furthermore, prior to the enactment of § 5524(8), this Court held that wrongful death actions could not be maintained if the decedent, had he lived, could not have recovered for his injuries. *See Ingenito v. AC&S, Inc.*, 633 A.2d 1172 (Pa.Super. 1993) *(en banc)*; *Moyer*, *supra*. Additionally, as we noted in *Pisano v. Extendicare Homes, Inc.*, 77 A.3d 651 (Pa.Super. 2013), our decision in *DiSerafino v. Bucyrus-Erie Corporation*, 470 A.2d 574 (Pa.Super. 1983), stood for the proposition that the legislature, "through the Workers' Compensation Act or otherwise, may statutorily limit recoveries in wrongful death suits." *Pisano*, *supra* at 658. Thus, even prior to the enactment of § 5524(8), the legislature placed

*(Footnote Continued)* ─────────────────

**representative, spouse, parent, child or other relative of any such person.**

15 Pa.C.S. § 1929.1 (emphasis added).

limitations upon the availability of a wrongful death action in certain instances.

Wrongful death actions did not exist at common law and are solely creatures of statute. **Hodge v. Loveland**, 690 A.2d 243, 245 (Pa.Super. 1997) (citing **Frazier v. Oil Chemical Co.**, 179 A.2d 202 (Pa. 1962)). The purpose of the Wrongful Death Statute is to compensate the decedent's relatives for their loss. **Tulewicz v. Southeastern Pennsylvania Transportation Authority**, 606 A.2d 427, 431 (Pa. 1999). **Gillette v. Wurst**, 937 A.2d 430, 436 (Pa. 2007) (plurality). Although § 5524(8) may have the effect of foreclosing some wrongful death causes of action even before they can be maintained, that is the prerogative of the legislature. In reading this statute "in light of reason and common sense," we find nothing in its application to the instant facts that "the Legislature, as a reasonably-minded body, could never have intended." **Cochran v. GAF Corp.**, 633 A.2d 1195, 1197 (Pa.Super. 1993) (quoting The Statutory Construction Act of May 28, 1937, P. L. 1019, Article IV, § 52, 46 PS § 552).

Next, Administratrix argues that the statute is ambiguous as applied to a wrongful death action and that its application leads to absurd results. She maintains that the word "person" is undefined, and when interpreted as consistently referring to the "asbestos-harmed person," it makes little sense. She argues that the "person" for purposes of a wrongful death action is the wrongful death beneficiary. The statute starts to run when the wrongful

death beneficiary, through the exercise of reasonable diligence, learned of the harm from the death of the asbestos-exposed individual. Otherwise, according to Administratrix, the action could be barred before it accrued, an absurd and unreasonable result. Appellant's brief at 15. Administratrix concludes, "Governing presumptions are that the General Assembly intended the entire statute at issue to be effective and certain, and that the General Assembly does not intend an absurd result or one that is impossible of execution." ***Board of Revision of Taxes, City of Philadelphia v. City of Philadelphia***, 1 A.3d 610, 622 (Pa. 2010).

GE disputes any ambiguity in the use of the word "person" in the statute, and reminds us that the "letter of [the statute] is not to be disregarded under the pretext of pursuing its spirit." GE's brief at 17 (quoting Pa.C.S. § 1921(b)). In enacting this provision, GE contends the legislature intended to establish a single accrual date for all asbestos claims, including wrongful death claims. That triggering date for the statute of limitations is the date when the afflicted person is informed by a licensed physician that he has been injured by exposure to asbestos. GE readily concedes that some wrongful death actions may be time-barred before the decedent dies. However, it argues that this result is consistent with the prior rule that "no action for wrongful death can be maintained where the decedent, had he lived, could not himself have recovered for the injuries sustained." ***Ingenito***, ***supra*** at 1176.

When interpreting a statute, the court must begin with the plain meaning of the language used in the statute. ***Ludmer v. Nernberg***, 699 A.2d 764 (Pa.Super. 1997). Unless the statute is ambiguous, we do not engage in statutory construction or look at legislative intent. ***See Connecticut Nat'l Bank v. Germain***, 503 U.S. 249, 253-54 (1992) ("Canons of construction are no more than rules of thumb that help courts determine the meaning of legislation, and in interpreting a statute a court should always turn first to one, cardinal canon before all others. We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there.").

We do not find the word "person" to be ambiguous. As used in the statute, it consistently refers to the person with asbestos-related disease. The language of § 5524(8) clearly states, in pertinent part, that the statute of limitations on any asbestos-related claim, including one for death, starts to run from the date the afflicted person is diagnosed with asbestos-related disease. It thus defines diagnosis as the event that triggers the statute of limitations.

Undoubtedly, with respect to asbestos-related wrongful death actions, the passage of 42 Pa.C.S. § 5524(8) changed prior law. Before the enactment of § 5524(8), asbestos-related wrongful death actions were treated no differently than any other wrongful death claims; the statute of limitations on wrongful death claims commenced to run when the action

accrued upon the death of the decedent. For non-asbestos-related wrongful death claims, that remains the law. However, in enacting 42 Pa.C.S. § 5524(8), the legislature provided that, in all actions for injury or death related to asbestos specifically, the two-year statute of limitations would commence to run either when the afflicted person was formally diagnosed with asbestos-related disease, or, with reasonable diligence, should have been diagnosed. No exception was made for wrongful death actions. Title 42 Pa.C.S. § 5524.1, now void, was a substantial re-enactment of that provision.

We find some merit in Administratrix's contention that the designation of the date of diagnosis as the commencement of the running of the statute of limitations in a wrongful death action does not provide the clear notice that death provided. Additionally, some of the consequences of applying §5524(8) to wrongful death actions may seem harsh. Admittedly, some asbestos-related wrongful death actions may be time-barred before they can be instituted. Moreover, if a decedent dies just short of two years after diagnosis, there may be insufficient time for the appointment of a personal representative and the commencement of an action. Nonetheless, it is the prerogative of the legislature to set the limitations on actions.

In sum, after **Neiman**, the formerly-deleted 42 Pa.C.S. § 5524(8) is operative and provides the applicable statute of limitations for asbestos-related claims, including wrongful death actions. The statute is not

ambiguous.  Thus, we need not resort to determining legislative intent through statutory construction.  The statute of limitations on Administratrix's wrongful death action started to run on June 17, 2011, the date when Decedent was informed by a physician that she had mesothelioma.  Decedent had two years to commence an action for her asbestos-related injury.  Had she timely commenced such an action during her lifetime, that action would have survived her death and been prosecuted by her personal representative.  If the decedent had commenced an action during her lifetime, however, no wrongful death action could have been filed upon her death.  Where, as here, no action for asbestos-related injuries was commenced by Decedent during her lifetime, Administratrix was free to pursue both wrongful death and survival actions.  However, any wrongful death action had to be commenced after Decedent's July 9, 2012 death and prior to June 17, 2013, two years from the date Decedent received her diagnosis.[3]  Hence, the wrongful death action filed January 9, 2014 is time-barred.

Order affirmed.

_____

[3]  Administratrix did not appeal the trial court's holding that the survival action, filed more than two years after the date of diagnosis, was time-barred.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/19/2015