HELEN GIBBS QUILTY *vs.* THE CONNECTICUT COMPANY.

First Judicial District, Hartford, March Term, 1921.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

The obligations of an employer under our Workmen's Compensation Act (General Statutes, §§ 5349, 5350) to dependents of his employee, deceased as a result of injuries arising out of and in the course of the employment, are fixed and determined by the statute in force at the time of the injury, and are not changed by a later statute, in force at the time of the death, establishing a different method of determining the compensation of dependents.

Under General Statutes, §§ 5349, 5350, the compensation payable to those partially dependent upon a deceased employee, in case there was no one wholly dependent upon him, was such proportion of the compensation that would otherwise have been payable to

the wholly dependent as was the measure or degree of the dependency of the partial dependents.

Accordingly, where an unmarried employee, whose average weekly wage was $18.88, contributed to his mother $15 of the $26 necessary each week for the support of her household, the mother is entitled, upon his death resulting within two years from injuries arising out of and in the course of his employment, to compensation of $5.45 per week, being fifteen twenty-sixths of one half of his average weekly wage.

Argued March 9th—decided April 5th, 1921.

RESERVATION for the advice of this court, by the Superior Court in New Haven County, *Webb, J.*, of a *pro forma* finding and award of the Compensation Commissioner of the third district. *Superior Court advised to affirm the award.*

The following facts appear from the finding and award:—

Francis Quilty, while in the employ of the defendant, was injured on June 7th, 1919, in the knee, resulting in an abscess, which caused incapacity from July 19th, 1919, to August 23d, 1920, and which resulted in his death on August 23d, 1920. Compensation was paid the deceased to the time of his death. His average weekly wage was $18.88.

He was nineteen years of age and unmarried. At the time of his injury he lived with his mother, in a household consisting of his mother, a brother James, who worked, a brother Stanley, attending school, and a maternal grandmother, an invalid.

The income of the plaintiff, his mother, consisted of $26 per week, of which James contributed $11 and the deceased $15. Such sum was necessary for the reasonable support of the household. The plaintiff was partly dependent on the deceased. The said Francis Quilty received from the home that which cost an amount found to be $5.20 per week.

The plaintiff claimed, first, that the case was covered

by the law in force at the time of the death. This claim was overruled. Second, that as a partial dependent she should be awarded $9.44 per week, being half of the average weekly wage, and being a sum less than the average weekly contribution. This claim was overruled *pro forma.*

The commissioner awarded and adjudged, *pro forma,* that the defendants pay the plaintiff, as compensation for the death of said Francis Quilty, $5.45 per week for the period beginning August 23d, 1920, and continuing for three hundred and twelve weeks, subject to any proper modification in case of the death of the plaintiff, and subject to such modification or adjustment, if necessary, as may be proper by virtue of any judgment which may be rendered as a result of proceedings consequent upon this *pro forma* award; and further awarded and adjudged that the defendants pay forthwith $100 for burial expenses.

The commissioner found that the claim involves doubtful questions of law which the public interest requires should be finally and definitely decided, and these are stated seriatim in the opinion.

*Cornelius J. Danaher,* for the plaintiff.

*Seth W. Baldwin,* for the defendant.

CURTIS, J. The question first presented for decision by the reservation is this: "Is the statute applicable to the rights of dependents the statute in force at the time of the injury, or that in force at the time of the death of the injured employee?"

Francis Quilty was injured on June 17th, 1919, and he died on August 23d, 1920. In the interval between his injury and his death, Chapter 142 of the Public Acts of 1919 came into effect, which Act, in § 6, materially

changed the law as to the method of determining the compensation of partial dependents from the method in force at the time of the injury and found in § 5349 of the General Statutes.

The plaintiff urged that § 5349 relates to a matter of procedure and remedy and that it was at once superseded by the later Act. She also urged that as compensation to a dependent does not arise until the decease of the employee, the measure of the compensation should be determined by the law then in force.

As we said, in effect, in *Schmidt* v. *O. K. Baking Co.*, 90 Conn. 217, 220, 96 Atl. 963, in dealing with a case of an employee, the right to compensation arises from the contractual relation between the employer and employee existing at the time of the injury, and the statute then in force in relation to compensation formed a part of the contract of employment, and determined the substantive rights and obligations of the parties.

The obligations of the employer to dependents of an employee in case of the death of an injured employee are equally substantive obligations, and are also fixed and determined by the statute in force at the time of the injury. The Act of 1919 clearly does not relate to procedure merely, but affects substantive rights and obligations.

General Statutes, § 5350, which provides that "questions of dependency shall be determined in accordance with the fact, as the fact may be at the time of the injury," supports the above ruling.

The remaining question presented for decision is this: "How is the compensation reckoned in case of partial dependency under the statute in force before the amendment of the Compensation Act made in 1919?"

General Statutes, § 5350, provides that, in case compensation is to be paid to more than one partial dependent, "the compensation in case of death shall

be divided among them according to the relative degree of their dependence." When the total amount of compensation to be paid to partial dependents is fixed, the above provision determines its division among them. To determine this amount we turn to General Statutes, § 5349, which provides: "Compensation shall be paid on account of death resulting from injuries within two years from date of injury as follows: (a) for burial expenses, one hundred dollars; (b) to those wholly dependent upon the deceased employee at the time of his injury, a weekly compensation equal to half of the average weekly earnings of the deceased at the time of his injury; (c) in case there is no one wholly dependent upon the deceased employee, to those partially dependent upon the deceased employee at the time of his injury, a weekly compensation not exceeding that payable to those wholly dependent and in such proportionate sum as may be determined according to the measure of dependence; but the compensation payable on account of death resulting from injuries shall in no case be more than fourteen dollars or less than five dollars weekly."

The amount to be paid to partial dependents is the same, whether there is one or more partially dependent, and, if there are more than one partially dependent, § 5350 provides for the method of division among them. Therefore the term in § 5349, reading, "in such proportionate sum as may be determined according to the measure of dependence," relates to the method of determining the amount of compensation to be paid partial dependents. A proportionate part of some sum is to be taken. An examination of the Act leaves no reasonable alternative, except to find that the term "proportionate sum," in § 5349, relates to the weekly compensation to be paid the wholly dependent mentioned in the same paragraph,

Under this construction a partially dependent may conceivably receive any fractional part of the weekly compensation to be paid the wholly dependent; and under the maximum and minimum provision a sum in excess of the weekly aid received by the partially dependent from the employee may in some circumstance be awarded such dependent. Of the several ways of construing § 5349 suggested, the foregoing seems the more reasonable and more in accord with the terms and spirit of the statute, when viewed in the light, not of this case merely, but of all possible cases.

The sum fixed by § 5349 as the amount to be paid those wholly dependent, is one half of the average weekly earnings of the deceased at the time of the injury. Therefore the amount to be paid to partial dependents is such proportion of the compensation that would be paid the wholly dependent as is the measure (or degree) of the dependency of the partial dependents.

Twenty-six dollars was the weekly sum necessary for the reasonable support of the plaintiff's household, and the deceased provided weekly $15 of this support. Therefore in this case the plaintiff's measure of dependency on the deceased was fifteen twenty-sixths (15/26) of the sum necessary for the reasonable support of her household. The commissioner, therefore, in his *pro forma* award, correctly awarded compensation to the plaintiff.

The Superior Court is advised to affirm the award of the commissioner.

In this opinion the other judges concurred.