Polk, Appellant, *v.* Western Bedding Company et al.

Argued March 13, 1941.

Before KELLER, P. J., CUN-

NINGHAM, STADTFELD, RHODES and HIRT, JJ.

*George B. Clothier,* with him *David F. Maxwell,* and *Edmonds, Obermayer & Rebmann,* for appellant.

*George H. Detweiler,* with him *Robert A. Detweiler, Sylvia E. Detweiler* and *Charles W. Sweeney,* for appellee.

OPINION BY RHODES, J., June 30, 1941:

This is a workmen's compensation case. The only question involved is whether claimant's admitted right to compensation for her husband's death is to be computed according to the schedule for compensation in force when he was injured (Act of June 2, 1915, P. L. 736, §307, as further amended by Act of April 26, 1929, P. L. 829, §3, 77 PS §§542, 561, 562, 581), or according to the schedule in force at the time of his death (Act of June 4, 1937, P. L. 1552, §1, 77 PS §§542, 561, 562, 581).

On December 2, 1937, claimant's husband, Ellis Polk, was injured in an accident sustained in the course of his employment. His death resulted therefrom on January 7, 1938. He was survived by his widow, the claimant, and two minor children. The Workmen's Compen-

sation Act of June 2, 1915, P. L. 736, as further amended by the Act of April 26, 1929, P. L. 829, 77 PS §1 et seq., was in force at the time deceased was accidentally injured; and the Act of June 4, 1937, P. L. 1552, 77 PS §1 et seq., which reenacted, amended, or further amended the Act of June 2, 1915, P. L. 736, became effective on January 1, 1938, six days before he died. The latter substantially increased the rate of compensation payable to dependents.[1]

The referee awarded compensation based on the schedule existing at the time of the injury. Claimant appealed to the Workmen's Compensation Board, which set aside the award made by the referee, and awarded compensation at the rate specified in the amendatory Act of 1937. An appeal was then taken by defendant to the court of common pleas, which reversed the board, and entered judgment for claimant computed on the schedule in force at the time of the accident. Claimant has appealed.

When the employer and the employee here accepted the provisions of the Workmen's Compensation Act of 1915, as amended, 77 PS §1 et seq., their relations became contractual.[2] *Anderson v. Carnegie Steel Co.,* 255 Pa. 33, 39, 99 A. 215; *Gairt v. Curry Coal Mining Co. et al.,* 272 Pa. 494, 498, 116 A. 382; *Ford v. A. E. Dick Co.,* 288 Pa. 140, 151, 135 A. 903. The contract bound the employee's dependents as well; and if they are entitled to compensation for his death it must be through him under that contract. *Liberato et al. v. Royer & Herr et al.,* 81 Pa. Superior Ct. 403, affirmed, 281 Pa. 227, 126 A. 257, and also in 270 U. S. 535, 46 S. Ct. 373, 70 L. Ed. 719. See, also, *Delaney et al. v. Philadelphia & Reading Coal & Iron Co.,* 272 Pa. 578, 581,

---

[1] The Act of June 21, 1939, P. L. 520 §1 et seq., 77 PS §1 et seq., reduced the rate to approximately the former level.

[2] See Act of June 2, 1915, P. L. 736, art. 3, §302(a), 77 PS §461.

116 A. 537. "This contract [binding employee's dependents] he is authorized by the statute to make. What he acquires by the contract is the right to compensation under the statute for any injury which he may sustain in the course of his employment, and the certainty that, in case of his death from such injury, compensation shall be made to his dependents in the manner by the statute provided ......": *Liberato et al. v. Royer & Herr et al.,* supra, 81 Pa. Superior Ct. 403, at page 409. Section 303 of the Act of June 2, 1915, P. L. 736, 77 PS §481, provided: "Such agreement shall bind the employer and his personal representatives, and the employe, his or her wife or husband, widow or widower, next of kin and other dependents."

The statute in force at the time of the accident formed a part of the contract of employment, and governs the rate of compensation to the deceased employee's widow and other dependents. The court below, in an opinion by GORDON, JR., P. J., properly said:

"The claimant is not entitled to compensation because her husband died of injuries received in an accident, but because he died of injuries accidentally suffered in the course of his employment, and at a time when he had a contract of hiring which provided that in the event of death his widow should receive the compensation specified therein. If we were to hold that she suffered no injury until her husband died, she would have no right to compensation, because, on that date, no accident happened in the course of his employment, and this necessary prerequisite to fixing liability on the defendant would be wanting. On the other hand, had he died while he was actually employed, of injuries suffered previous to his employment, the widow would not have been entitled to compensation, because, the accident which caused death would not in that event have happened in the course of his employment, notwithstanding that death did. Both circumstances, namely, the accident in the course of employment, and the death

as a result thereof, must be present to impose liability on an employer; and, as each day's employment is, in effect, a new employment based upon a new contract of hiring, the first of these circumstances would be wanting if the injury to the widow is to be referred to the contract in force at the date of death. It is only by attributing the death to the employment at the date of the accident that all the requirements for fixing responsibility on the employer can be met."

When deceased sustained accidental injuries in the course of his employment, the act then in force and, a part of the contract of employment governed the injured employee's right to be paid compensation and the extent thereof. Likewise, we think the obligations of the employer to pay compensation to the dependents of the employee in case of the death of such injured employee, being substantive obligations, were fixed and determined by the statute in force at the time of the injury. See *Schmidt v. O. K. Baking Co.,* 90 Conn. 217, 96 A. 963; *Quilty v. Connecticut Co.,* 96 Conn. 124, 113 A. 149.

It is true that claimant, on behalf of herself and dependent children, could acquire no right of action for compensation until the death of her husband as the result of his accidental injuries sustained in the course of his employment. She may have had an inchoate right, but had he lived compensation would have been payable to him alone in accordance with the provisions of the act in force at the time of his injury. Upon her husband's death claimant and her dependent children became entitled to receive compensation from her husband's employer, the defendant, to the extent of its substantive obligation to pay them as fixed by the statute in force at the time deceased was accidentally injured in the course of his employment with defendant. But in no event would she have a right of action against defendant employer for the death of her husband unless it was the result of a compensable injury. Section

306(f) of the Act of June 2, 1915, P. L. 736, as amended by the Act of April 13, 1927, P. L. 186, §1, 77 PS §541, provided: "Should the employe die from some other cause than the injury, the liability for compensation shall cease."

The cause of action in the present case is the accident which resulted in an injury to deceased in the course of his employment, and it follows that the law existing at that time is determinative of the rights and obligations of the present parties arising therefrom. Deceased's death was the consequence of a previous cause, to wit, an injury by an accident in the course of his employment. It was upon his death that the right of claimant to make claim for compensation for herself and children accrued, but it is only because deceased had first sustained the accident that claimant is entitled to any compensation. Manifestly his death was not itself the cause of action, but merely gave her the right to receive compensation through him under his contract of employment. It is pertinent to refer to the title of the Workmen's Compensation Act of June 2, 1915, P. L. 736, which reads as follows: "Defining the liability of an employer to pay damages for injuries received by an employee in the course of employment; establishing an elective schedule of compensation; and providing procedure for the determination of liability and compensation thereunder"; to section 1, art. 1, of the act, as amended by the Act of April 29, 1929, P. L. 853, §1, 77 PS §1, which provided that between employer and employee the act "shall apply to all accidents occurring within this Commonwealth"; and to section 301, art. 3, of the Act of 1915, 77 PS §431, which provided that, where the employer and employee by agreement, either express or implied, accepted the provisions of article 3 of the act, compensation be made [paid] in all cases by the employer for personal injury to, or for the death of, the employee, by an accident, in the course of his employment, without regard to negligence, according to

the schedule contained in sections 306 and 307. An accident in the course of his employment is therefore a condition precedent to securing compensation for personal injury to, or for the death of, an employee, and is the foundation of any right of action.

As here there may be several rights of action and one cause of action. Rights may accrue at different times from the same cause. One right of action may be lost for many reasons which do not affect the cause of action or bar another right of action. See 1 Am. Jur., Actions, §3.

Claimant, in support of her contention that the amendatory Act of 1937 should control for her the rate of compensation, relies on *Smith v. Primrose Tapestry Co. et al.*, 285 Pa. 145, 131 A. 703, and *Jankaitis v. Harleigh Brookwood Coal Co.*, 134 Pa. Superior Ct. 125, 4 A. 2d 161. These cases are not controlling in the present situation. They merely indicate the separate and independent character of the right of action of a widow for compensation so that nothing that her employee husband does with respect to his own right can affect her right. See, also, *Stevens v. Taylor et al.*, 138 Pa. Superior Ct. 335, 338, 10 A. 2d 886. An adjudication of the husband's right is not res adjudicata of the widow's; they involve two separate and distinct parties and actions (*Jankaitis v. Harleigh Brookwood Coal Co.*, supra, p. 131), and the statutory limitation upon the assertion of her claim cannot be affected by neglect or refusal of the husband to pursue his claim (*Smith v. Primrose Tapestry Co. et al.*, supra, p. 150). Thus two separate rights may grow out of the compensation provisions of the employment contract; but the foundation of both is the original, accidental, and compensable injury to the employee.

Counsel for claimant also refers to the provisions of the Act of June 4, 1937, P. L. 1552, 77 PS §1 et seq., as evidencing the legislative intent that the new rates

of compensation as therein provided should be applicable in the instant case. A retroactive interpretation of the Act of 1937 is not sought. But it is argued that claimant's cause of action did not arise until January 7, 1938, whereas the act became effective on January 1, 1938, and that the whole question is whether it was the accident or the death that gave rise to claimant's cause of action. As we have previously disposed of this contention, there is no need to repeat what has been said, or discuss the effective date phraseology in section 505 of the Act of June 2, 1915, P. L. 736, section 9 of the Act of April 13, 1927, P. L. 186, and section 507 of the Act of June 4, 1937, P. L. 1552. See, also, Statutory Construction Act of May 28, 1937, P. L. 1019, §56, 46 PS §556.

As the substantive rights and obligations of the parties hereto were fixed by the statute in force at the time of the accidental injury sustained by deceased, the court below properly applied the rates provided in the statute in force at that date, and the judgment accordingly entered will be affirmed.

Judgment is affirmed.