541 A.2d 1187 .

Montgomeryville Airport, Inc. and State Workmen's Insurance Fund, Petitioners *v.* Workmen's Compensation Appeal Board (Weingrad), Respondents.

Submitted on briefs April 21, 1988, to Judges MACPHAIL and SMITH, and Senior Judge BARBIERI, sitting as a panel of three.

*Frederick H. Hobbs,* for petitioner.

*Keith S. Erbstein, Beasley, Hewson, Casey, Colleran, Erbstein & Thistle,* for respondents.

OPINION BY SENIOR JUDGE BARBIERI, May 31, 1988:

Montgomeryville Airport, Inc. and State Workmen's Insurance Fund, Insurer, Appellants, appeal here an order of the Workmen's Compensation Appeal Board (Board) reversing a referee's denial of the claim of Shirley Weingrad Kraft, on remarriage, to a lump sum of 104 weeks of compensation, a widow's benefit enacted after her husband's work-related injury and death. We reverse.

A simple question of law is involved in this case in which the decedent in the course of his employment died in an airplane crash on October 19, 1974, a date prior to the amendment to Section 307(7) of The Pennsylvania Workmen's Compensation Act,[1] enacted December 5, 1974, effective sixty days thereafter, 77 P.S. §562, which provided that if a widow remarries, she shall receive a payment equal to 104 weeks of compensation benefits, computed in accordance with Clause 2 of Section 307,[2] payable in a lump sum, whereas under the law prior thereto the widow's remarriage automatically forfeited all future payments which would otherwise continue during her lifetime.

Claimant in this case remarried on April 10, 1983, and the referee decided the amendment was not applicable to a preexisting liability and disallowed the claim for the 104 weeks of compensation as computed under the Act. On appeal, the Board reversed, stating:

> This is a case of first impression and it is the opinion of this Board that, while it is clearly true that Claimant's husband died before the time of the amendment, the operative and, therefore, controlling event was the remarriage of the

---

[1] Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §562.

[2] "Fifty-one per centum of wages [of decedent] but not in excess of the Statewide average weekly wage."

Claimant which occurred subsequent to the date of the amendment. It is the conclusion of this Board that the Referee's interpretation and application of Section 307(7) was inconsistent with the humanitarian purposes and intent of The Pennsylvania Workmen's Compensation Act and that the Referee committed legal error when he denied benefits thereunder.

Unfortunately, we must disagree. While it is true that the "controlling event" is the remarriage, but the effect of that event depends upon which version of the law is applicable. The amendment of 1974 effected a *substantive* change, which cannot be retroactive unless the Legislature so states. *Page's Department Store v. Velardi,* 464 Pa. 276, 346 A.2d 556 (1975), Footnote No. 5; *Universal Cyclops Steel Corp. v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973).

It has long been clearly and definitely established that in a legislative system which changes benefits with economic circumstances as does The Pennsylvania Workmen's Compensation Act, the changes are applicable to pre-existing cases where they are procedural, but are not applicable or available to claimants whose substantive rights have been established under prior laws in effect at the time when the injury occurred. *Id.*

Among substantive changes which are not available to a claimant whose rights have been fixed under prior law, of course, are statutory increases in benefits. *Polk v. Western Bedding Co.,* 145 Pa. Superior Ct. 142, 20 A.2d 845 (1941), cited and relied upon in *Spatola & Thompson v. Workmen's Compensation Appeal Board (Kissell),* 43 Pa. Commonwealth Ct. 137, 401 A.2d 877 (1979).

In *Polk,* where the widow's claim was involved as here, the Court stated:

When deceased sustained accidental injuries in the course of his employment, the act then in force and a part of the contract of employment governed the injured employee's right to be paid compensation and the extent thereof. Likewise, we think the obligations of the employer to pay compensation to the dependents of the employee in case of the death of such injured employee, being substantive obligations, were fixed and determined by the statute in force at the time of the injury. (Citations omitted.)

*Polk*, 145 Pa. Superior Ct. at 146, 20 A.2d at 846.

. . . .

As the substantive rights and obligations of the parties hereto were fixed by the statute in force at the time of the accidental injury sustained by deceased, the court below properly applied the rates provided in the statute in force at that date, and the judgment accordingly entered will be affirmed.

*Polk*, 145 Pa. Superior Ct. at 149, 20 A.2d at 848.

Here the benefit increase in 1974 was from loss of all future benefits on remarriage to the substantial sum of 104 weeks of benefits.

Accordingly, we must reverse.

### ORDER

Now, May 31, 1988, the order of the Workmen's Compensation Appeal Board, as of No. 9. A-89895, dated November 21, 1986, is hereby reversed.