# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

D & R Construction, : 
            Petitioner : 
 : 
     v. : Nos. 1558 C.D. 2016 and 
 :      1578 C.D. 2016 
Workers' Compensation Appeal : 
Board (Suarez, Travelers Insurance : 
Company, Uninsured Employers : 
Guaranty Fund, and T & L : 
Development), : 
            Respondents : 


Department of Labor and Industry, : 
Bureau of Workers' Compensation, : 
Uninsured Employers Guaranty Fund, : 
            Petitioner : 
 : 
     v. : Nos. 1574 C.D. 2016 and 
 :      1575 C.D. 2016 
Workers' Compensation Appeal : 
Board (Suarez, and D & R : 
Construction, T & L Development, : 
and Travelers Insurance Company), : 
            Respondents : ARGUED: April 5, 2017


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
              HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE ROBERT SIMPSON, Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE JULIA K. HEARTHWAY, Judge
              HONORABLE JOSEPH M. COSGROVE, Judge


OPINION BY JUDGE HEARTHWAY     FILED: August 1, 2017

D & R Construction (D&R) and the Uninsured Employers Guaranty Fund (Fund) petition for review of the July 6, 2016, order of the Workers' Compensation Appeal Board (Board) which, *inter alia*, reversed the decision and order of the workers' compensation judge (WCJ) denying and dismissing Hector Suarez's (Claimant) claim petitions and remanded the matter to the WCJ for further proceedings on the merits. We reverse and remand.

On October 26, 2010, Claimant filed a claim petition against D&R, alleging that Claimant sustained an injury in the course of his employment on August 28, 2010. (WCJ's Findings of Fact (F.F.) No. 1.) D&R filed an answer denying the material allegations and specifically averred that Claimant was an independent contractor and not an employee of D&R. (WCJ's F.F. No. 1.) Subsequently, Claimant filed a claim petition against the Fund containing the same allegations.[1] (*See* WCJ's F.F. No. 1.) The petitions were assigned to a WCJ for adjudication. Before the WCJ, the parties agreed to bifurcate the issue of whether Claimant was an employee of D&R or an independent contractor on the date of injury.[2] (WCJ's F.F. No. 1.) The parties litigated the issue and submitted evidence.

---

[1] Travelers Insurance Company (Travelers) is D&R's workers' compensation insurance carrier. Apparently, there is a dispute as to whether Travelers provided D&R with coverage in the Commonwealth of Pennsylvania, and hence the reason for the involvement of the Fund as well as the reason for separate representation of D&R and Travelers. (*See* D&R's brief at 5, Travelers' brief at 6.)

On April 11, 2011, a joinder petition was filed against T & L Development (T&L) alleging that T&L was the general contractor on the project where Claimant was injured, and therefore, T&L was liable for any compensation owed. (WCJ's F.F. No. 1.)

[2] The parties agreed that if Claimant was found to be an employee, then the WCJ would determine if Claimant was injured in the course and scope of his employment, and if his injury **(Footnote continued on next page…)**

On January 31, 2013, the WCJ denied and dismissed Claimant's claim petitions, concluding that Claimant was an independent contractor and not an employee of D&R on the date of injury.[3] (WCJ's F.F. No. 6(a), WCJ's Conclusions of Law (C.L.) Nos. 1-2.) Claimant appealed to the Board, arguing, *inter alia*, that the WCJ erred in concluding that he was an independent contractor.

On July 6, 2016, the Board issued an opinion and order, which reversed the WCJ's decision and order and remanded the matter to the WCJ for further proceedings on the merits.[4] The Board concluded that Claimant was not an independent contractor and thus was an employee of D&R at the time of his injury. In reaching this conclusion, the Board relied on the Construction Workplace Misclassification Act[5] (CWMA), stating that the factors therein are "instructive" in evaluating the matter.[6] (Board's opinion (op.) at 9, n.4.)

---

**(continued…)**

resulted from the violation of a positive work order. The issue of insurance coverage was deferred. (WCJ's F.F. No. 1.)

[3] The WCJ found that even if Claimant was an employee, he failed to establish that he sustained an injury in the course of his employment because his shift was over and he was not furthering the affairs of D&R when he sustained his injury. (WCJ's F.F. No. 6(f), Conclusions of Law (C.L.) No. 3.) The WCJ also found that Claimant violated a positive work order. (WCJ's F.F. No. 6(g).) The WCJ dismissed the joinder petition.

[4] The Board also reversed the dismissal of the joinder petition and ordered the WCJ to make a determination as to the responsible party for the claim. (Board op. at 14, Order.)

[5] Act of October 13, 2010, P.L. 506, 43 P.S. §§ 933.1 - 933.17.

[6] The Board further determined that "even under the traditional common law analysis," Claimant would be considered an employee, concluding that D&R exercised control over Claimant. (Board's op. at 10-11.) The Board also determined that the WCJ erred in finding that Claimant was not in the course of his employment insofar as the WCJ found that Claimant was not furthering D&R's affairs and that he violated a positive work order. (Board's op. at 11.)

2

Subsequently, D&R and the Fund filed Applications for Amendment (Applications) with the Board requesting that the Board amend its July 6, 2016 opinion and order to include a statement pursuant to Section 702(b) of the Judicial Code, 42 Pa. C.S. § 702(b), to permit an immediate appeal to this Court from the Board's interlocutory order. The Board denied the Applications, and D&R and the Fund then filed Petitions for Review with this Court, alleging that the Board abused its discretion in denying the Applications. Senior Judge Rochelle S. Friedman of this Court issued an order granting appeal by permission and limiting the issues on appeal to the following:

1. Whether the Board erred in retroactively applying the Construction Workplace Misclassification Act (CWMA) to determine whether claimant was an independent contractor?

2. Whether the Board erred by considering the CWMA as guidance for the application of the common law analysis to determine who qualifies as an independent contractor?

(Order entered 10/25/16.)

D&R and the Fund (together, Petitioners)[7] now petition this Court for review of the Board's order,[8] arguing that the Board erred in retroactively applying

---

[7] Although Travelers and T&L are respondents before this Court, they each have filed a brief adopting the arguments of D&R and the Fund in addition to their own arguments. Because the arguments of these four parties are essentially the same, for ease and simplicity, we will refer to the arguments of D&R, the Fund, Travelers and T&L collectively as those of Petitioners.

[8] Our scope of review is limited to determining whether constitutional rights have been violated, whether an error of law was committed and whether necessary findings of fact are supported by substantial evidence. *Johnson v. Workmen's Compensation Appeal Board (Dubois Courier Express)*, 631 A.2d 693 (Pa. Cmwlth. 1993).

3

the CWMA to this matter and in using the CWMA as guidance to inform the Board's decision. Petitioners argue that the CWMA cannot be applied to this case because the CWMA was enacted after Claimant's date of injury, the CWMA had a future effective date, and the CWMA is a substantive law. Petitioners also argue that the CWMA was never intended to clarify or provide guidance for evaluating the traditional common law factors. Petitioners maintain that the Board's use of the CWMA to inform its analysis under the traditional "direction and control" test was equivalent to applying the CWMA retroactively. Further, Petitioners argue that under the Board's rationale, the CWMA could be applied well beyond the construction industry, and it was the Legislature's intent that the CWMA apply only to the construction industry.

On the other hand, Claimant argues that the CWMA can be applied retroactively because it is a remedial statute intended to correct defects in classifying employees for workers' compensation benefits, and the Board recognized the CWMA's penalty provisions would have no application prior to its effective date. He further argues that the CWMA may be used as guidance under the traditional factors because the Board applied two distinct analyses, one under the CWMA and one under the traditional common law analysis, and reached the same result.

***Whether CWMA may be applied retroactively***

Section 1926 of the Statutory Construction Act of 1972 states, "No statute shall be construed to be retroactive unless clearly and manifestly so

4

intended by the General Assembly." 1 Pa. C.S. § 1926. The limitation on retroactive application applies to laws that affect the substantive rights of parties. *See Page's Department Store v. Velardi*, 346 A.2d 556, 559 n.5 (Pa. 1975) (refusing to apply statutory amendments involving substantive rights to pending proceedings but applying amendments involving procedure where those amendments were enacted after date of injury but prior to the date the appeal to the Board was heard and decided). Moreover, this Court has ruled that the law in effect on a claimant's date of injury is the controlling law under which to determine the claimant's entitlement to benefits, and subsequent changes to the law which affect a claimant's substantive rights may not be applied retroactively unless the Legislature so states. *See Montgomeryville Airport, Inc. v. Workmen's Compensation Appeal Board (Weingrad)*, 541 A.2d 1187 (Pa. Cmwlth. 1988).

"A statute affects substantive rights if it alters a cause of action." *Page's* 346 A.2d at 559 n. 5. "[A] 'cause of action' may be defined as the factual basis for a claim, or, to put it another way, a set of facts which, if proved, would entitle a party to relief." *Id.* "'Retroactive laws have been defined as those which take away or impair vested rights acquired under existing laws, create new obligations, impose a new duty, or attach a new disability in respect to the transaction or consideration already past.'" *Alexander v. Department of Transportation, Bureau of Driver Licensing*, 880 A.2d 552, 559 (Pa. 2005) (*citing Nicholson v. Combs*, 703 A.2d 407, 411 (Pa. 1997) (*citing* BLACK'S LAW DICTIONARY, 1184 (6th ed.1990)).

5

There is no dispute that Claimant's injury occurred on August 28, 2010, which was prior to the enactment of the CWMA on October 13, 2010. Additionally, the CWMA states it is effective in 120 days, or February 10, 2011. *See* Section 30 of the CWMA, Act of October 13, 2010, P.L. 506. Thus, the CWMA cannot be applied retroactively if it affects a claimant's substantive rights, or if the CWMA does so, then it must be clear that the Legislature intended retroactive application of the CWMA.

In order to receive workers' compensation benefits, the claimant bears the burden to establish, *inter alia*, an employer-employee relationship. *Universal Am-Can, Ltd. v. Workers' Compensation Appeal Board (Minteer)*, 762 A.2d 328 (Pa. 2000). Whether one's status is that of an employee or independent contractor "is a crucial threshold determination that must be made before granting workers' compensation benefits." *Id*. at 330.

The CWMA sets forth criteria which **must** be established in order for an individual in the construction industry to be deemed an independent contractor and not an employee for purposes of workers' compensation. The absence of a single criterion will negate the independent contractor status, and the individual will be deemed an employee. *See* Section 3(a) of the CWMA 43 P.S. § 933.3(a) (using "only if" before listing criteria); *Staron v. Workers' Compensation Appeal Board (Farrier)*, 121 A.3d 564 (Pa. Cmwlth. 2015) (upholding award of workers' compensation benefits based on determination that claimant was not an independent contractor where not all of the criteria set forth in Section 3 of the CWMA were met). This strict application of each criterion differs significantly

from the test under the common law where, as will be discussed later, application of the factors is more of a weighing test and whether some or all factors exist is not controlling. Additionally, as will be discussed in more detail later, the criteria in the CWMA are not identical to the traditional factors under the common law which are considered when evaluating whether an employer-employee relationship exists.

Thus, because of the differing criteria as well as the fact that each criterion is strictly applied, the CWMA alters the elements of proof required to establish independent contractor status in the construction industry, thereby directly affecting whether a purported employer will be responsible for an injury. These are substantive changes.

Because the CWMA affects substantive rights, the CWMA cannot be applied retroactively unless the Legislature has expressly so provided. *See Page's*; *Montgomeryville Airport*. Our review of the CWMA reveals that there is no language expressly stating that it may be applied retroactively. Additionally, Claimant's argument that the CWMA's delayed effective date was for the purpose of ensuring adequate funding for enforcement has no bearing on whether the statute affects substantive rights, and therefore, no bearing on retroactivity.

Likewise, Claimant's arguments that the CWMA should be applied retroactively because it is remedial and no penal provisions of the CWMA are involved in this case are without merit. There is no question that the CWMA was enacted to remedy concerns that some employers were misclassifying workers in the construction industry. *Department of Labor and Industry v. Workers'*

7

*Compensation Appeal Board (Lin and Eastern Taste)*, 155 A.3d 103 (Pa. Cmwlth. 2017). However, the remedial intentions motivating the enactment of the CWMA do not trigger retroactive application of the statute.[9] Likewise, the fact that the penal provisions of the CWMA are not involved in this case does not give rise to retroactivity where the statute affects substantive rights.

Accordingly, we hold that the CWMA cannot be applied retroactively in workers' compensation matters to determine whether an individual is an employee or an independent contractor.

***Whether the CWMA may be used as guidance for the common law analysis***

Although the Board acknowledged that the CWMA did not become effective until February 11, 2011, some six months after Claimant's accident, the Board found the CWMA to be instructive and viewed the CWMA as a "clarification of the traditional test" for establishing an employment relationship. (Board's op. at 9, n.4) We conclude that the CWMA is not a clarification of the traditional test.

Under the Workers' Compensation Act[10] and resulting case law, there is no bright line rule for determining whether a particular relationship is that of an employer-employee or owner-independent contractor. *Universal Am-Can.*

---

[9] Claimant's reliance on *In re Malick*, 8 A.2d 494 (Pa. Super. 1939) is misplaced. *In re Malick* involved a petition to strike off tax liens and the retroactive application of a validating act which, by its very nature, applies retroactively.

[10] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1 - 1041.4, 2501 – 2708.

8

Nevertheless, our Supreme Court has established the following factors (traditional factors) that must be considered when determining whether an employer-employee relationship exists:

> Control of manner work is to be done; responsibility for result only; terms of agreement between the parties; the nature of the work or occupation; skill required for performance; whether one is engaged in a distinct occupation or business; which party supplied the tools; whether payment is by the time or by the job; whether work is part of the regular business of the employer, and also the right to terminate the employment at any time.

*Id.* at 333 (quotation marks and citations omitted) (*quoting Hammermill Paper Company v. Rust Engineering Company*, 243 A.2d 389, 392 (Pa. 1968)). "Whether some or all of these factors exist in any given situation is not controlling." *Id.* Although each factor is relevant, "control over the work to be completed and the manner in which it is to be performed are the primary factors in determining employee status." *Id.* Thus, in sum, under the common law, there are no mandatory factors, but rather, there is a weighing of factors, with control being a primary factor.

In contrast, under the CWMA, unless certain criteria are met, an individual in the construction industry will be deemed to be an employee and not an independent contractor. These criteria are mandatory, and the absence of any one criterion will negate the independent contractor status, and the individual will be deemed an employee. *See Staron.* Thus, each criterion has equal weight.

9

Additionally, some of the criterion in the CWMA differ significantly from the traditional factors under the common law. *See* Section 3 of the CWMA, 43 P.S. § 933.3. For example, for an individual to be considered an independent contractor, the CWMA requires that: (i) there is a *written* contract for the services; (ii) the individual maintains a business location separate from the location of the person for whom the services are being performed; and (iii) the individual maintains liability insurance during the term of the contract of at least $50,000. 43 P.S. § 933.3(a)(1), (b)(4)&(6). These are not specific threshold requirements among the traditional factors. Additionally, case law regarding the traditional factors states that although payment is not determinative, wages and payroll deductions are significant, as is the provision of workers' compensation coverage. *American Road Lines v. Workers' Compensation Appeal Board (Royal)*, 39 A.3d 603 (Pa. Cmwlth. 2012). In contrast, the CWMA provides that the failure to withhold federal or state income taxes or to pay workers' compensation premiums shall not be considered. Section 3(c) of the CWMA, 43 P.S. § 933.3(c). Thus, while some of the requirements set forth in the CWMA may be similar to some of the traditional factors, the CWMA does not clarify the common law, particularly given the aforementioned differences.

In rendering its opinion, the Board listed all the requirements set forth in Sections 3(a) and 3(b) of the CWMA in order for an individual to be considered an independent contractor and not an employee and then almost verbatim proceeded to apply each requirement. Specifically, the Board stated there was no evidence that Claimant: (i) entered into a written contract to perform the services

10

he rendered;[11] and (ii) was customarily engaged in an independently established trade, occupation, profession or business with respect to the services he performed.[12] With respect to the latter, the Board stated that there was no evidence that: (i) Claimant possessed the essential tools, equipment or assets necessary to perform the services;[13] (ii) Claimant's arrangement with D&R was such that Claimant would realize a profit or suffer a loss;[14] (iii) Claimant performed services through a business in which he had a proprietary interest or that he maintained a business location separate from the jobsite;[15] and (iv) Claimant performed the same or similar services for another person or held himself out as able and available to perform the same or similar services while free from the direction or control of D&R.[16] The absence of this evidence led the Board to conclude that Claimant was an employee, and not an independent contractor. The Board concluded that under these facts and "given such a statement of policy from the legislature," the WCJ erred in determining Claimant was an independent contractor. (Board's op. at 10.) There is no indication that the Board weighed these factors and if it considered control over the work to be completed and the manner in which it is to be performed primary.

Arguably, some of the factors set forth in the CWMA and some of those considered by the Board are similar to the traditional factors under the common law for determining an employment relationship. Clearly, however, some

[11] *See* Section 3(a)(1) of the CWMA, 43 P.S. § 933.3(a)(1).
[12] *See* Section 3(a)(3) of the CWMA, 43 P.S. § 933.3(a)(3).
[13] *See* Section 3(b)(1) of the CWMA, 43 P.S. § 933.3(b)(1).
[14] *See* Section 3(b)(2) of the CWMA, 43 P.S. § 933.3(b)(2).
[15] *See* Section 3(b)(3) & (4) of the CWMA, 43 P.S. § 933.3(b)(3)&(4).
[16] *See* Section 3(b)(5)(i)&(ii) of the CWMA, 43 P.S. § 933.3(b)(5)(i)&(ii).

11

are not similar and, as discussed above, represent entirely new and additional requirements for one to be deemed an independent contractor. By basing its conclusion, at least in part, on the lack of a *written* contract and the lack of a separate business location, criteria which are not part of the traditional factors to be considered, the Board committed an error of law. Moreover, the Board's characterization of these criteria as merely "instructive" is not harmless error. The Board's analysis was tantamount to applying the CWMA's requirements to this case, thereby impermissibly disregarding the prohibition against retroactive application of the CWMA.

Lastly, we simply cannot adopt the Board's reasoning that the CWMA clarifies the common law's traditional factors. The distinctions between the CWMA and the traditional factors are significant and reflect legislative activity beyond mere clarification of pre-existing common law. Additionally, adopting the Board's reasoning would have the effect of the CWMA replacing the common law traditional factors, which would result in the CWMA being applied to industries and professions other than the construction industry. Such application would be well beyond the Legislature's intention that the CWMA apply only to the construction industry. *See Department of Labor and Industry v. Workers' Compensation Appeal Board (Lin and Eastern Taste)*, 155 A.3d 103 (Pa. Cmwlth. 2017); *see also* Preamble & Section 3 of the CWMA, 43 P.S. § 933.3(a) (providing criteria to be an independent contractor for individuals in the construction industry).

Therefore, we hold that the CWMA may not be used as guidance for the application of the traditional factors under the common law to determine whether an employment relationship existed. The Board erred as matter of law in doing so here.

We note the Board stated that even under the traditional common law analysis, Claimant would be considered an employee under the facts of this case. Because we are not confident that the Board was not predisposed to such a finding given its aforementioned analysis, we remand the matter to the Board to address whether Claimant sustained his burden of proving an employer-employee relationship solely under the traditional factors set forth in the common law.[17]

Accordingly, we reverse the Board's order and remand the matter for further proceedings in accordance with this opinion.

_____
JULIA K. HEARTHWAY, Judge

---

[17] On remand, the Board should be mindful of its role on appeal. "[A]lthough the question of whether one is an employee is a question of law, it must be answered based on the unique *facts* of each case." *Eastern Taste*, 155 A.3d at 109; *see also Universal Am-Can.* Moreover, as long as the WCJ's findings of fact are supported by substantial evidence, they must be upheld and applied even if the record contains evidence to support findings other than those made by the WCJ. *See Eastern Taste.*

If the Board determines that Claimant was an employee, it shall address the remaining issues that were raised by the parties on appeal from the WCJ's order.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| D & R Construction, | : | |
| Petitioner | : | |
| | : | |
| v. | : | Nos. 1558 C.D. 2016 and |
| | : | 1578 C.D. 2016 |
| Workers' Compensation Appeal | : | |
| Board (Suarez, Travelers Insurance | : | |
| Company, Uninsured Employers' | : | |
| Guaranty Fund, and T & L | : | |
| Development), | : | |
| Respondents | : | |
| | | |
| Department of Labor and Industry, | : | |
| Bureau of Workers' Compensation, | : | |
| Uninsured Employers' Guaranty Fund, | : | |
| Petitioner | : | |
| | : | |
| v. | : | Nos. 1574 C.D. 2016 and |
| | : | 1575 C.D. 2016 |
| Workers' Compensation Appeal | : | |
| Board (Suarez, and D & R | : | |
| Construction, T & L Development, | : | |
| and Travelers Insurance Company), | : | |
| Respondents | : | |

O R D E R

AND NOW, this 1st day of August, 2017, the order of the Workers' Compensation Appeal Board (Board) is hereby reversed and the matter is remanded to the Board for further proceedings in accordance with the foregoing opinion.

Jurisdiction relinquished.

_____

JULIA K. HEARTHWAY, Judge